ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 01-1294 ADM/AJB

CARPENTERS & JOINERS WELFARE FUND,
TWIN CITY CARPENTERS PENSION FUND,
TWIN CITY CARPENTERS APPRENTICESHIP
FUND, TWIN CITY CARPENTERS
VACATION FUND TRUSTS,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

CASTLE HOMES OF WISCONSIN, INC.,
STICK-BUILT STRUCTURAL WALL SYSTEMS, INC.,
and PETER J. HANSON, individually,

Defendants.

This matter was heard before the undersigned on the 25th day of November, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Defendants were served an Original and Amended Summons and Complaint in this matter on May 14, 2002.

2. Defendants failed to file and serve an Answer to either Summons and Complaint.

3. Plaintiffs are multi-employer, joint fringe benefit trust funds (the "Funds") as defined by 29 U.S.C. § 1002(37). They are established to provide, inter alia, pension, vacation, health and welfare benefits to employees doing carpentry work in the

NOV 2 5 2002

construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.

4. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound to the Collective Bargaining Agreement between Carpentry Contractors Association and Carpentry District Council of Southeast Minnesota. The Agreement obligates Defendants, as employers, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the fifteenth day of the month following the month for which the contribution is being made.

6. The Agreement also requires employers, such as Defendants, to submit payroll and employment records for an audit by the Plaintiffs, to determine its compliance with the reporting obligations.

7. Defendants submitted fringe fund reports for May and June 2001. The auditor reviewed these reports along with incomplete payroll records also submitted by Defendants and prepared an invoice, setting forth amounts due.

8. Defendants subsequently produced a complete set of records for the period of April 2001 through August 2001. The Funds determined that contributions in the amount of $67,023.75 are due for that period.

9. The Collective Bargaining Agreement provides that Defendants must pay liquidated damages of 10% of delinquent contributions. The liquidated damages for the audit totals $6,702.37.

10. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs total $7,408.81.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe Plaintiffs $67,023.75 for unpaid contributions incurred during the period of April 2001 through August 2001.

3. Defendants owe Plaintiffs $6,702.37 for liquidated damages under the Collective Bargaining Agreement

4. Defendants owe Plaintiffs $7,408.81 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendants Castle Homes of Wisconsin, Inc., Stick-Built Structural Wall Systems, Inc., and Peter J. Hanson, jointly and severally, in the amount of $81,134.93.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 11/25/02

BY THE COURT

The Honorable Ann D. Montgomery
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995